UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMILY PIERCE NORTH and JAMES E. NORTH,

    Plaintiffs,

v.

MICHAEL MIRRA, et al.,

    Defendants.

CASE NO. C13-6090 BHS

ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL

  This matter comes before the Court on Plaintiffs' applications to proceed in forma pauperis (Dkts. 1 and 1-1) and motion to appoint counsel (Dkt. 1-9 at 8-1).  The Court has considered the pleadings filed in support of the motions and hereby denies them for the reasons stated herein.

  Plaintiffs allege they were illegally evicted from their federally subsidized housing apparently due to Tacoma Housing Authority's ("THA") "fail[ure] to give them equal protection."  Dkt. 1-2 at 3.  Additionally, they appear to claim that the THA violated Section 504 of the Rehabilitation Action ("Section 504") and the Americans with Disabilities Act ("ADA"), apparently based on the THA's discriminatory conduct towards Plaintiff James E. North, who is "mentally handicapped" and who the THA "failed to accommodate to other Subsidized Housing," presumably after Plaintiffs were

ORDER - 1

evicted. *Id.* at 2 and 6. According to Plaintiffs' complaint, the illegal eviction "le[]d to open[] discrimination and retaliation." *Id*. at 5.

Plaintiffs maintain that on August 14, 2011, an incident involving a confrontation with at least one younger resident in their housing complex occurred which ultimately led to their eviction. *Id.* at 3. On October 25, 2011, Plaintiffs state that they received a "3 day waste and nuisance, incurable eviction notice in my [Emily North's] name only." *Id*. According to Plaintiffs, on November 28, 2011, they entered a new lease agreement. *Id*. In their complaint, Plaintiffs did not specify with whom they entered the lease agreement. Although the complaint is not clear, on January 30, 2012, apparently an informal grievance hearing involving the Norths was held, where they allege that the THA "hired [an] attorney to represent the alleged tainted witness against me, [Emily North]." *Id.* at 4. According to the complaint, this hearing led to "tenant harassment against" the Norths. *Id.* However, the complaint does not indicate how or when they were harassed, nor does it state how the THA or other named Defendants are responsible for that harassment. Instead, the complaint goes on to state that Defendants Michael Mirra, Executive Director of THA, Christine Wilson, City of Tacoma Fair Housing Investigator, and Pat Patterson, THA portfolio manager, violated federal housing law because they did not afford the Norths the same protections as other residents under their new lease agreement. *Id*. at 4.

On March 22, 2012, Plaintiffs allege that the THA "intentionally bypassed the newly signed lease agreement" and took them to court "for eviction." *Id*. at 5. At the courthouse, Kimberly Hood allegedly led them into courtroom "315" to "sign [a] paper,"

1 which they refused to sign. *Id*. The "extreme painful emotional stress" caused Emily

2 North to faint and spend two days in St. Joseph's Hospital. *Id*.

3       Plaintiffs indicate that "written documents and police reports" will show how the

4 Defendants failed to provide them equal protection. *Id*. Additionally, they maintain the

5 record will show "administrative enforcement of [their] civil rights. *Id*. Plaintiffs attach

6 approximately fifty pages of documents to their complaint; this comprises the record at

7 this point. *See* Dkts. 1-2 –1-9.

8       Plaintiffs seek relief in the form of restoring their "good faith subsidizing rent

9 history." *Id*. at 6. They also appear to ask the Court to "strike the illegal eviction from

10 the [Superior] Court's docket and records" to "relieve them from their homelessness." *Id*.

11 at 6. They also seek to hold all named defendants "accountable" for emotional pain [and

12 suffering," "embarrassment, mental cruelty, harassment, retaliation, slander, and more."

13 *Id*.

14 **A.   Motion to Proceed In Forma Pauperis**

15       The district court may permit indigent litigants to proceed in forma pauperis upon

16 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the

17 "privilege of pleading in forma pauperis . . . in civil actions for damages should be

18 allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th

19 Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed

20 in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S.

21 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if

22

it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

After a review of Plaintiffs' proposed complaint and the rather voluminous set of documents attached thereto, the Court is unable to determine whether a viable federal cause of action exists for which it can grant relief against any or all of the Defendants. On its face, the complaint does not clearly state a cause of action under the ADA. Additionally, even if Plaintiffs have a cause of action under the Section 504, which it is not clear that they do, the Court likely cannot grant some or all of the relief sought. For example, pursuant to the *Rooker Feldman* doctrine a federal court cannot act as an appellate court and review decisions made by state courts. *See Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003). In this case, to the extent that the Plaintiffs seek to have a state court judgment regarding their eviction vacated and reversed, the Court would be precluded from granting such relief on the basis that it lacks jurisdiction. *Id.* Moreover, Plaintiffs' factual and legal allegations against the United States Department of Housing and Urban Development ("HUD") Investigator, Rudolf Ellis, are unclear, as no allegations whatsoever are made directly against him or HUD. Similarly, the factual allegations and legal causes of against attorney Kimberly M. Hood and Katrina E. Glagowski, also apparently an attorney, are similarly unclear. Plaintiffs' complaint is confusing and does not clearly, directly and concisely indicate which Defendants are liable to them for which wrongs, nor do they state particular facts supporting how specific Defendants are responsible for those wrongs. *See* Fed. R. Civ. P. 8. Notwithstanding the possibility that a federal cause of action may exist and construing

the pro se Plaintiffs' complaint liberally, it is not the responsibility of the Court to scour through a set of voluminous documents attached to their complaint and articulate a case for them.

Although it appears that Plaintiffs may meet the indigency requirements for proceeding in forma pauperis, their motions to proceed in forma pauperis are denied without prejudice on the basis that their complaint is legally "frivolous" in the sense that, on its face, there appears to be no basis in law or fact from which to find a legally cognizable cause of action. Additionally, under Fed. R. Civ. P. 8(a), Plaintiffs fail to state a cause of action.

**B.   Motion to Appoint Counsel**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In this case, Plaintiffs have also failed to show that exceptional circumstances exist to grant their motion to appoint counsel. Plaintiffs have not demonstrated a likelihood of success on the merits. Nor have they demonstrated that their claims, if any, are so legally complex as to make appointment of counsel necessary.

1  Therefore, it is hereby **ORDERED** that Plaintiffs' applications to proceed in
2  forma pauperis (Dkt. 1 and 1-1) and motion to appoint counsel (Dkt. 1-9 at 8-1) are
3  **DENIED without prejudice**.  If Plaintiffs desire to proceed with this civil action, they
4  shall submit an amended proposed complaint that meets the standards set forth in Fed. R.
5  Civ. P. 8(a) by February 14, 2014.  If Plaintiffs fail to timely submit an amended
6  complaint by the above date, the Clerk is directed to dismiss this case without prejudice.
7  Dated this 30th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge